IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| EOLAS TECHNOLOGIES INCORPORATED, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Microsoft Corporation ("Microsoft" or "Plaintiff"), by its attorneys and for its Complaint against Defendant Eolas Technologies Incorporated ("Eolas" or "Defendant"), alleges as follows:

### NATURE OF ACTION

1. This is an action seeking a declaration concerning Microsoft's rights and Eolas's obligations under a contract between them, in particular, the scope of an Eolas covenant not to sue. Microsoft also seeks an injunction preventing further actions in breach of that covenant.

2. On August 17, 2007, Microsoft and Eolas entered into a License Agreement (herein, the "License Agreement," attached as Exhibit A) that was integral to the settlement of a prior patent infringement case between the parties. That case, *Eolas Techs. Inc. v. Microsoft Corp.*, No. 99-CV-626, was pending in this Court at the time of the settlement.

3. Under the License Agreement, Eolas broadly agreed not to assert any infringement claims under the "Licensed Patents" (a term defined in the License Agreement) based on any individual's or entity's use of Microsoft products or for practicing any method in connection with using Microsoft products.

4. In October 2009, Eolas filed a complaint in the Eastern District of Texas against 23 defendants (the "Texas Action"), asserting infringement of the patent that was previously litigated in this Court (United States Patent No. 5,838,906, herein the "'906 patent"), and of a more recently issued patent (United States Patent No. 7,599,985, herein the "'985 patent"), which was issued from an application that was a continuation of the '906 patent. Both patents are "Licensed Patents" as that term is defined in the Eolas-Microsoft License Agreement.

5. In the Texas Action, Eolas has asserted claims that, as written, are broad enough to potentially impose liability upon the Texas Action defendants for their use of Microsoft products or for practicing a method in connection with their use of Microsoft products, or for the use of Microsoft products by end users who access websites of the Texas Action defendants. Additionally, on information and belief, many of the 23 defendants are being sued, at least in part, based on the activity of end users of Microsoft products, for which Eolas has already collected a license fee and, therefore, for which Eolas's patent rights have been exhausted.

6. By initiating the Texas Action and by refusing to acknowledge the limits on its right to sue for infringement of the asserted patents and/or on its right to collect license fees for activity on which a fee has already been collected, Eolas is in breach of the License Agreement. Microsoft seeks a declaration giving effect to the License Agreement, a judgment that Eolas is breaching the License Agreement, and an order enjoining Eolas from taking any further steps or engaging in any conduct in derogation of the License Agreement and its covenant not to sue.

## PARTIES

7. Plaintiff Microsoft is a Delaware corporation having its principal offices at One Microsoft Way, Redmond, Washington.

8. On information and belief, defendant Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states and because the value of declaratory and injunctive relief sought, the value of Microsoft's rights this action will protect and enforce, and the extent of the injury to be prevented exceed the amount of $75,000, exclusive of interest and costs.

10. Personal jurisdiction exists generally over Defendant because it has sufficient contacts with the forum as a result of business conducted within the State of Illinois and within the Northern District of Illinois. Additionally, in entering the License Agreement, Defendant agreed that "[t]he exclusive jurisdiction for any disputes under this Agreement will be in the United States District Court for the Northern District of Illinois."

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). Additionally, in entering the License Agreement, Defendant agreed that "[t]he exclusive jurisdiction for any disputes under this Agreement will be in the United States District Court for the Northern District of Illinois."

## FACTUAL BACKGROUND

12. In 1999, Eolas sued Microsoft for infringement of the '906 patent. Microsoft denied Eolas's allegations of infringement and asserted defenses and counterclaims, which Eolas denied.

13. On August 17, 2007, Microsoft and Eolas entered into a Confidential Settlement Agreement (the "Settlement Agreement," attached as Exhibit B) that led to the dismissal, with prejudice, of the litigation between Eolas and Microsoft concerning the '906 patent.

14. Contemporaneous with execution of the Settlement Agreement, Microsoft and Eolas executed the License Agreement, pursuant to which Microsoft was identified as "Licensee" and Eolas as "Licensor."

15. In part, the License Agreement includes the following terms:

> 1.1 "Affiliate" as used herein means any corporation or other business entity in which Licensee, now or hereafter, either (a) owns or controls, directly or indirectly, at least fifty percent (50%) of the outstanding stock or other voting rights entitled to elect directors or (b) is owned or controlled directly or indirectly by at least fifty percent (50%) of the outstanding stock or other voting rights entitled to elect directors, in each case only for so long as such condition in clause (a) or (b) exists.
>
> 1.2 "Licensed Patents" as used herein means United States Patent Application Serial No. 08/324,443, any applications claiming priority thereto, including divisionals, continuations, continued prosecution applications, substitutions and continuation-in-part applications or patent of additions; any patents issued from any of the foregoing, including United States Patent No. 5,839,906 and any reissues, reexaminations, registrations, renewals and extensions thereof; and any corresponding foregoing counterpart applications or patents.
>
> 1.3 "Licensee Product" means any Licensee or Affiliate software product, software development tool, service, publication or Web content marketed and licensed using in commerce a trademark owned by Licensee or any of its Affiliates.
>
> 2.4 Notwithstanding any limitations expressed otherwise in this Agreement, Licensor covenants not to sue any of Licensee's or its Affiliates' customers, developers, manufacturers, distributors, resellers, wholesalers, retailers or end-users of Licensee Products under the Licensed

4

>Patents for their making, using, selling, offering for sale, licensing, leasing, importing or otherwise disposing or distributing Licensee Products or practicing any method in connection with their making, using, selling offering for sale, licensing, leasing, importing or otherwise disposing or distributing Licensee Products.

16. Eolas's covenant not to sue Microsoft's customers and users of Microsoft's products and services, was an important part of the consideration Microsoft in return for Microsoft's agreement to pay Eolas to settle the case and conclude the litigation concerning the Licensed Patents. Through that covenant, Microsoft bought for its customers and end-users of its products and services peace from any Eolas litigation or threats of litigation under the Licensed Patents.

17. The '985 patent issued October 6, 2009. The '985 patent is a Licensed Patent as that term is defined in Section 1.2 of the License Agreement.

18. On October 6, 2009, Eolas filed the Texas Action, naming the following as defendants: Adobe Systems, Inc.; Amazon.com, Inc.; Apple Inc.; Argosy Publishing, Inc.; Blockbuster Inc.; CDW Corp.; Citigroup Inc.; eBay Inc.; Frito-Lay, Inc.; The Go Daddy Group, Inc.; Google Inc.; J.C. Penney Company, Inc.; JPMorgan Chase & Co.; New Frontier Media, Inc.; Office Depot, Inc.; Perot Systems Corp.; Playboy Enterprises International, Inc.; Rent-A-Center, Inc.; Staples, Inc.; Sun Microsystems Inc.; Texas Instruments Inc.; Yahoo! Inc.; and YouTube LLC.

19. As to each defendant in the Texas Action, Eolas alleges direct and/or indirect infringement of the '906 patent and/or '985 patent "by making, using, selling, offering to sell, and/or importing into the United States, without authority" (a) "web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content

accessible via ... and maintained on servers located in and/or accessible from the United States under the control of" each defendant; (b) "software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers ..."; and (c) "computer equipment, including, without limitation, computer equipment that stores, serves and/or runs any of the foregoing," or substantially similar allegations.

20. On information and belief, several of the named defendants in the Texas Action are Microsoft customers who use Microsoft software in connection with activities by reason of which they have been alleged to infringe the '906 and/or '985 patents.

21. On information and belief, a significant percentage of instances of access to web pages and content maintained on servers under the control of defendants in the Texas Action are instances of access by end users using Microsoft Internet Explorer web browsing software.

22. In its complaint in the Texas Action, Eolas makes no reference to the License Agreement as imposing any limitation on the scope of its patent infringement claim(s) in that suit.

23. Through its counsel, Microsoft sought Eolas's confirmation that in the Texas Action Eolas is not asserting any claim of infringement based on any use of Microsoft software or based on any individual's or entity's practicing of any method in connection with using Microsoft products.

24. Eolas has refused to confirm that it is not suing parties on the basis of any use of Microsoft software or based on any individual's or entity's practicing of any method in connection with using Microsoft products.

25. On information and belief, at least one defendant in the Texas Action has had discussions with Eolas's counsel concerning the implications of the License Agreement for the

claims against that defendant, given that the particular defendant runs Microsoft internet hosting and operating system software.

26. On information and belief, Eolas has not given any defendant in the Texas Action any reasonable assurance that it is limiting the scope of its claims in the Texas Action in a manner consistent with the covenant not to sue in the Microsoft-Eolas License Agreement.

27. On May, 27, 2010, counsel for one of the defendants in the Texas Action, Perot Systems Corporation, sent a letter (electronically) to counsel for Eolas in the Texas Action. In that letter, counsel for Perot Systems sought Eolas's confirmation that "[i]n light of the Microsoft-Eolas License Agreement ... Eolas does not contend that Perot or its customers, in the past, now, or in the future, infringe or have any liability in circumstances where (i) Microsoft servers serve the Perot website, (ii) users access Perot's website with a Microsoft browser, or (iii) users access Perot's website using a device running on a Microsoft operating system." Counsel for Eolas responded by email on the same day by stating, simply: "We disagree with your letter."

28. Eolas's litigation of patent infringement claims (a) against Microsoft customers, and/or (b) based in whole or in part on the activity of end-users of Microsoft software constitutes a breach of Eolas's covenant not to sue, deprives Microsoft of the benefit of the bargain it made in settling the Eolas litigation, and threatens to cause damage to the relationship between Microsoft and its customers.

## COUNT I – Breach of Contract - Declaratory Judgment

29. Plaintiff restates and realleges the allegations set forth in Paragraphs 1-27 above, as if fully set forth herein.

30. Plaintiff Microsoft and Defendant Eolas are parties to a License Agreement, which constitutes a valid and binding contract.

31. Plaintiff has performed all of its obligations under the License Agreement and the Confidential Settlement Agreement the parties concurrently executed on August 17, 2007.

32. Defendant Eolas agreed, *inter alia*, not to file suit under the Licensed Patents against (a) Microsoft customers, or (b) end-users of Microsoft's products for (i) using Microsoft products, or (ii) practicing any method in connection with using Microsoft products.

33. In breach of its contract, Eolas filed the Texas Action, in which it (a) brought claims against Microsoft customers despite their use of Licensed Products in the context of maintaining web sites, and (b) brought claims against parties on the basis of access to web pages by end users of Microsoft's Internet Explorer web browsing software, activity for which Eolas has already been compensated pursuant to the License Agreement and Confidential Settlement Agreement.

34. As a proximate result of Defendant Eolas's breach, plaintiff Microsoft is suffering and/or is in imminent danger of suffering damage to its goodwill and its relationships with customers and end users of its software, and of being deprived of the benefit of the bargain it struck with Eolas in August 2007 when it entered into the Confidential Settlement Agreement and License Agreement.

35. Eolas's actions in (a) suing Microsoft customers, and (b) in suing third parties based on activities by end users of Microsoft products for which Eolas has been compensated under the License Agreement and Confidential Settlement Agreement have created an actual controversy between the parties such that Microsoft is entitled to a declaration of rights under the License Agreement.

36. Unless Eolas is enjoined from suing Microsoft customers and/or suing third parties based on activities by end users of Microsoft products for which Eolas has been compensated under the License Agreement and Confidential Settlement Agreement, Microsoft will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor against Defendant Eolas as follows:

(a) declaring that the covenant not to sue in the License Agreement bars Eolas from filing, prosecuting, maintaining, or threatening any lawsuit, claim, or action under the Licensed Patents (as that term is defined in the License Agreement) against any Microsoft customer for conduct that involves (i) using Microsoft products, or (ii) practicing any method in connection with using Microsoft products;

(b) declaring that the covenant not to sue in the License Agreement bars Eolas from filing, prosecuting, maintaining or threatening any lawsuit, claim or action under the Licensed Patents (as that term is defined in the License Agreement) against any person or entity based on access by end users of Microsoft's web browsing software to the interactive web pages designed, created, published, operated, or maintained by that person or entity;

(c) preliminarily and permanently enjoining Eolas from filing, prosecuting, maintaining, or threatening any lawsuit, claim, or action under the Licensed Patents (as that term is defined in the License Agreement) against any Microsoft customer for conduct that involves (i) using Microsoft products, or (ii) practicing any method in connection with using Microsoft products;

(d)  preliminarily and permanently enjoining Eolas from filing, prosecuting, maintaining, or threatening any lawsuit, claim or action under the Licensed Patents (as that term is defined in the License Agreement) against any person or entity based on access by end users of Microsoft's web browsing software to the interactive web pages designed, created, published, operated, or maintaintained by that person or entity;

(e)  such other relief as the Court deems just and proper, including any further relief authorized under 28 U.S.C. § 2201.

MICROSOFT CORPORATION

By: _____
One of its attorneys

David T. Pritikin
dpritikin@sidley.com
Richard A. Cederoth
rcederoth@sidley.com
Constantine L. Trela Jr.
ctrela@sidley.com
Robert N. Hochman
rhochman@sidley.com

SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

10

5221512v.3