**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICROSOFT CORPORATION, ) | |
| ) | No. 10-cv-3820 |
| Plaintiff, ) | |
| ) | Judge Rebecca R. Pallmeyer |
| EOLAS TECHNOLOGIES, ) | |
| INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO EOLAS'S NOTICE OF RECENT DECISION

Plaintiff Microsoft Corporation ("Microsoft") offers the following response to defendant Eolas Technologies, Incorporated's ("Eolas") January 26, 2012 Notice of Recent Decision. (*See* Dkt. No. 147 ("Notice").)

Eolas's brief summary of the decision—stating that Judge Davis "den[ied] the Texas Defendants' motions for summary judgment based on the Eolas-Microsoft license," (Dkt. No. 147, Notice 1)—is inaccurate. The Texas Defendants' motions were in fact granted-in-part and denied-in-part. (*See* Dkt. No. 147-1, Mem. Opinion and Order ("Davis Order") 7–8.) Although for the reasons explained in Microsoft's prior briefs much of Judge Davis's opinion is erroneous, Judge Davis concluded that certain allegations Eolas has pressed in the Texas Action were barred by the Agreements and the covenant not to sue. That means that even under his erroneously-narrow interpretation, Judge Davis concluded that Eolas breached the Agreements by its actions in Texas.

Eolas took the position in the Texas Action that Microsoft customers who host their websites on Microsoft IIS server software were liable for direct infringement of Eolas's so-called "browser" claims when employees tested their websites using non-Microsoft browsers. (*See*

Davis Order 6.) Judge Davis rejected the argument, stating that "the covenant not to sue protects Microsoft customers from allegations of infringement that directly implicate the use of a Microsoft product." (*Id.*) Even to Judge Davis, testing a website hosted by Microsoft server software is "an integral part of the website hosting process." (*Id.* at 7.) That is, even to Judge Davis, testing a website hosted by Microsoft server software with *any* browser directly implicates the use of a Microsoft product (the server software), and is licensed. Judge Davis has thus concluded that Eolas breached the Agreements in the Texas Action.

However, for the reasons Microsoft has stated in its briefs, Judge Davis' understanding of the covenant is overly narrow and denies Microsoft and its customers the substantial value Microsoft bargained for as part of the settlement of its litigation with Eolas.[1] For example, to Judge Davis, "[u]nlike testing, … having users browse your site [hosted on Microsoft server software], while often desirable, is not an integral part of *hosting* that website." (Davis Order 7.) That is, Judge Davis has concluded that visiting a website hosted on Microsoft server software with a non-Microsoft browser to *test* that website "directly implicate[s] the use of" Microsoft server software, but, inexplicably, visiting that same website with a non-Microsoft browser does not implicate the use of Microsoft server software. Microsoft believes, consistent with the arguments stated in its briefs, that hosting a website directly implicates visits to that website with any compatible browser. Indeed, that is its *only* conceivable purpose; such visits are not merely "desirable," but are the only reason websites exist.

Judge Davis's adoption of Eolas's interpretation of the "in connection with" language in Section 2.4 of the License Agreement (*see* Davis Order 5–6) is also erroneous. (*See* Dkt. No. 94,

---

[1] *See* Dkt. No. 94, Microsoft's Mem. in Supp. of Its Mot. for Partial Summary J. of Liability for Breach of Contract ("Mem.") 8–11; Dkt. No. 127, Microsoft's Reply in Supp. of Its Mot. for Partial Summary J. of Liability for Breach of Contract ("Reply") 4–5; Dkt. No. 137, Microsoft's Sur-Response to Eolas's Sur-Reply ("Sur-Response") 5.

Mem. 11; Dkt. No. 137, Sur-Response 2–3.) Further, nothing in Judge Davis's order even addresses several of issues regarding the interpretation of the Agreements that the parties have presented to this Court, most notably Eolas's attempts to recover for the use of Internet Explorer and Windows—both products licensed under Eolas's patents. (*See* Dkt. No. 94, Mem. 12–17.)

While Judge Davis has concluded that Eolas breached the Agreements, ultimately this Court should disregard his ruling, not only because it is erroneous and does not address issues presented by Microsoft's summary judgment motion here, but because Microsoft explicitly bargained for *this Court—*the Court that had before it the infringement suit resolved by the License and Settlement Agreements—to interpret and enforce those agreements.[2]

Judge Davis's ruling confirms that Microsoft's customers not only have been sued for their use of Microsoft server software in breach of the License Agreement, but now face trial on claims that Eolas had no right to bring. That trial is now on-going in the Eastern District of Texas. As Microsoft has stated previously, delay in this Court in resolving the question of the scope of Eolas's breach is, in substance and effect, a ruling in favor of Eolas. (*See* Dkt. No. 94, Mem. 21.) Microsoft respectfully requests that the Court promptly resolve this dispute and protect Microsoft and its customers from further harm.

Dated: February 9, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*s/ Richard A. Cederoth*
　　　　　　　　　　　　　　　　　　　　　David T. Pritikin
　　　　　　　　　　　　　　　　　　　　　dpritikin@sidley.com
　　　　　　　　　　　　　　　　　　　　　Richard A. Cederoth
　　　　　　　　　　　　　　　　　　　　　rcederoth@sidley.com
　　　　　　　　　　　　　　　　　　　　　Constantine L. Trela Jr.
　　　　　　　　　　　　　　　　　　　　　ctrela@sidley.com

---

[2] *See* Dkt. No. 90, L.R. 56.1 Ex. 1, Settlement Agreement § 22.1 ("The exclusive jurisdiction for any disputes under this Settlement Agreement will be in the United States District Court for the Northern District of Illinois."), Ex. 2, License Agreement § 6.6 (same); *see also* Dkt. No. 127, Reply 17; Dkt. No. 66, Microsoft's Reply in Supp. of Mot. for Prelim. Inj. 14–15.

Robert N. Hochman
rhochman@sidley.com
Linda R. Friedlieb
lfriedlieb@sidley.com
Nathaniel C. Love
nlove@sidley.com

SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

**ATTORNEYS FOR PLAINTIFF**
**MICROSOFT CORPORATION**